Caeuthees, J.,
delivered tbe opinion of tbe court.
Tbe defendants were summoned to appear before tbe circuit court of Franklin, to testify and give evidence in behalf of Javan Nelson, who was indicted in that court upon a charge of murder. Tbe witnesses failed to attend; a forfeiture was taken against them, in tbe name and in favor of Javan Nelson, for one hundred and twenty-five dollars each. Sci/re facias was awarded thereon, and upon its return, tbe defendants demurred, and judgment was rendered for tbe defendants, from which tbe plaintiff has appealed in error to this court.
1. Tbe Act 1794, cb. 1, § 29, applies only to civil suits, and if a witness, being duly summoned and liable to attend, fail to attend according to the command of tbe *272 subjjmna, be shall forfeit to the party that summoned him one hundred and twenty-five dollars.
By the 33d section, of the same act, a witness in a “ criminal prosecution shall appear and attend until discharged by the State or the party at whose instance he shall be summoned; and in default thereof, shall forfeit and pay the sum of two hundred and fifty dollars for the use of the State.
This section applies in the present case. The judgment nisi should have been in the name of the State, and for the sum of two hundred and fifty dollars. It is not that any sum is due from the witnesses to either party, but it is a penalty to enforce his attendance. If the witness be summoned for the accused and fail to attend, he incurs the penalty, and it is the duty of the attorney general, in a proper case, to enforce it.
It is a higher penalty than that which is imposed in a similar case in a civil suit, for the reason that the public justice and the defense of the accused, are of greater importance than any matter of mere private property. It is not to the interest of the public or the accused, as has been argued, that the penalty be paid to him. It is his interest and his right “to have compulsory process for obtaining witnesses in his favor Con. Art. I, § 9. This he has by the subpoena, and the attachment for contempt, to which he is entitled. It is the latter proceeding only that can enforce the attendance of the unwilling witnesses. The penalty is only a loss and inconvenience that he incurs in case of failure to attend.
The court and not the accused should have control of this penalty, the better to enforce upon the witness obedience to its summons, for that is the only object intended to be attained. If the penalty were under the control *273 of tbe accused, we might suppose many cases in which it would result in inconvenience and public prejudice. But we need go no further into this matter, for we think that the construction and policy of the statute are equally evident and proper.
2. This proceeding is also defective in practice. The liability incurred by a witness in default, is several in its nature; the remedy to enforce it is against him alone, and it cannot be united with a proceeding against other witnesses in like default. It is a case of misjoinder. State vs. Lacy, 3 Humph. R. 225.
Let the judgment be affirmed.